IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MICHAEL WAYNE GRAP,

                                                  OPINION and ORDER

              Plaintiff,

                                                  09-cv-537-bbc

    v.

MICHAEL ASTRUE,
Commissioner of Social Security,

             Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      This is an action for judicial review of an adverse decision of the Commissioner of Social Security brought pursuant to 42 U.S.C. § 405(g). Plaintiff Michael Wayne Grap, who suffers from bipolar disorder and a substance addiction disorder, seeks reversal of the commissioner's decision denying his application for Disability Insurance Benefits under Title II of the Social Security Act, codified at 42 U.S.C. §§ 416(I) and 423(d). Plaintiff contends that the administrative law judge erred in finding that plaintiff's substance addiction disorder was a contributing factor material to plaintiff's disability, making him ineligible for benefits. Because substantial evidence supports the administrative law judge's decision that plaintiff is capable of performing unskilled work when he is not drinking, I am affirming the

1

commissioner's decision.

The following facts are drawn from the administrative record (AR):

## FACTS

### A. Background

Plaintiff was born on April 15, 1956. AR 23. He had a college education and had worked as a realtor. AR 652-54.

Plaintiff filed an application for disability insurance benefits on November 23, 2005, alleging that he had been unable to work since Janaury1, 2003 because of bipolar disorder. AR 83. After the local disability agency denied plaintiff's application initially and upon reconsideration, plaintiff requested a hearing, which was held on April 10, 2008 before Administrative Law Judge Stephen J. Ahlgren. The administrative law judge heard testimony from plaintiff. AR 651-71. On May 15, 2008, the administrative law judge issued a decision finding plaintiff not disabled. AR 17-27. This decision became the final decision of the commissioner on July 28, 2009, when the Appeals Council denied plaintiff's request for review. AR 4-7.

### B. Medical Evidence

On January 24, 2005, plaintiff began seeing Dr. Tina Ferrer, a psychiatrist at the

2

Veterans Administration Hospital in Tomah, Wisconsin. AR 597-601. Plaintiff reported that he had a diagnosis of bipolar disorder in 1996, when he was living in Phoenix. Plaintiff said he had been placed on medications that had proved helpful, but he had been unable to obtain refills when he moved to Wisconsin. Plaintiff said he had been off his medications for about one month, during which time he had experienced more moodiness, feelings of hopelessness and manic symptoms. At the time of his visit, however, he had been back on his medications for about two weeks and his symptoms had resolved completely.

Plaintiff said it had been more than three years since his last full blown manic episode and more than five years since his last depressive episode. He denied any psychotic symptoms associated with these episodes or any history of suicide or injuring himself. Plaintiff reported a history of ethanol abuse and dependence issues and said he had been in treatment approximately 30 times, with his longest period of sobriety lasting one year. He had recently relapsed and had been charged with driving while intoxicated on January 2. Plaintiff attributed his relapse to his inability to get his medications. Dr. Ferrer detected no abnormalities of thought, speech, content, mood or affect during her mental status examination, but she noted that plaintiff appeared to minimize his alcohol use. She diagnosed bipolar affective disorder and ethanol dependence with recent relapse and strongly advised plaintiff to abstain from alcohol. AR 601.

On April 25, 2005, plaintiff was admitted to the Veterans Administration Hospital

3

in an intoxicated state. He detoxed safely on Valium and was discharged on April 29, 2005. He was told he could return to work on May 2, 2005. AR 205-206.

In August 2005, plaintiff entered a 30-day inpatient alcohol treatment program at the VA, after which he entered a 60-day dual diagnosis program, also at the VA. Records from that program indicated that plaintiff's last major depressive-manic episode had been three years earlier. Plaintiff did well in the program and upon completion in November 2005, entered the Veterans Assistance Center, where he lived, worked and went to school until June 2006. At the time of his discharge from the dual diagnosis program, plaintiff was found to be able to return to his previous level of employability. AR 204.

While plaintiff was at the Veterans Assistance Center, he attended the Tomah campus of Western Technical College. He completed basic studies, including English, math communications and psychology, earning a 4.0 grade point average. AR 625.

On December 15, 2005, plaintiff saw Dr. Ferrer and reported that he was pleased with the direction of his life. Ferrer noted that plaintiff had been sober for six months, was working two part-time jobs and was exercising. AR 217.

On April 25, 2006, plaintiff saw Dr. Ferrer and reported that he was stable, sober and doing well in paralegal classes. Ferrer assigned plaintiff a Global Assessment Functioning score of 65, indicating some mild symptoms. AR 621-23. A little more than a month later, plaintiff was released from the Veterans Assistance Center and transitioned to a subsidized

4

apartment in La Crosse, Wisconsin.

On September 14, 2006, plaintiff saw Dr. Ferrer and reported that he had not been doing well for the past few months. He said that he had resumed drinking but did not want to be admitted to the hospital because he was attending school. AR 628. On September 28, plaintiff returned to see Dr. Ferrer and again reported drinking. He decided to withdraw from school until the next semester. AR 632-33. In October 2006, Ferrer wrote a letter to the school advising that plaintiff was withdrawing because of medical difficulties; she wrote a similar letter on February 27, 2007. AR 647.

On May 7, 2007 plaintiff was hospitalized for an alcohol withdrawal-related seizure. He was transferred to the Veterans Administration Hospital and re-admitted to the substance abuse program. AR 637. At the time of his admission, plaintiff denied having been bothered by psychological or emotional problems in the prior month. AR 644. On discharge, staff noted that plaintiff could resume his pre-hospital level of activity and employment. AR 640.

On December 31, 2007, Dr. Ferrer wrote a letter to the technical college, stating that plaintiff had to withdraw from classes the preceding semester because of health issues. She asked the college to excuse plaintiff's absence and "allow for him to continue this semester." AR 646.

5

C. <u>Consulting Physicians</u>

On April 11, 2006, state agency psychologist William A. Merrick completed a Psychiatric Review Technique for plaintiff, diagnosing affective disorder and substance addiction disorder. AR 581. He concluded that plaintiff had mild restrictions of the activities of daily living, mild difficulties in maintaining social functioning, moderate difficulties in maintaining concentration, persistence and pace and no episodes of decompensation. AR 591-92. Assessing plaintiff's mental residual functional capacity, Merrick found that plaintiff was moderately limited in his ability to maintain attention and concentration for extended periods, perform activities within a schedule, maintain regular attendance and be punctual within customary tolerances, complete a normal work day and work week without interruptions from psychologically based symptoms and perform at a consistent pace without an unreasonable number and length of rest periods. AR 577-78.

D. <u>Hearing Testimony</u>

Plaintiff testified that he had graduated from college and had worked as a realtor. AR 652. He testified that his last job was in the Community Work Therapy program at the Veterans Administration Hospital in Tomah, where he carried trays up to the floors and repaired windows. At that time, plaintiff was living in a facility run by the Veterans Assistance Foundation. AR 653.

Plaintiff testified that when he moved from Virginia to Wisconsin, he started drinking because he could not get his medications.  He testified that he went into the Veterans Administration Hospital program for alcohol abuse in 2005 and that he was in a dual diagnosis program for 90 days before he was released to the Veterans Assistance Foundation. AR 656-57.

Plaintiff testified that he moved to La Crosse to attend a paralegal program at Western Technical College but had to withdraw because he could not concentrate.  Plaintiff testified that his psychiatrist, Dr. Tina Ferrer, is adjusting his medications.  AR 660.

Plaintiff said he had been sober since May 6, 2007 and that he attended Alcoholics Anonymous meetings regularly.  He testified that his bipolar disorder is not in control and that he has a "Health Buddy" device in his home that helps him monitor his disorder and medications. AR 663.  Plaintiff testified that he cannot work because he has a difficult time concentrating, getting motivated and staying focused. AR 665.  He had not applied for work since his discharge from the Community Work Therapy program.  AR 697.

### E.  Administrative Law Judge's Decision

In reaching his conclusion that plaintiff was not disabled, the administrative law judge performed the required five-step sequential analysis.  See 20 C.F.R. §§ 404.1520.  At step one, the administrative law judge reserved ruling on whether plaintiff engaged in substantial

7

gainful activity from January 1, 2003 to April 30, 2005 but found that he had not engaged in substantial gainful activity since May 1, 2005.  At step two, he found that plaintiff had the severe impairments of bipolar disorder and alcohol abuse disorder.  At step three, the administrative law judge found that plaintiff did not have a mental impairment or combination of mental impairments that met or medically equaled any impairment listed in 20 C.F.R. 404, Subpart P, Appendix 1.  Specifically, he found that when plaintiff was drinking he had moderate restrictions of the activities of daily living and in maintaining social function, marked difficulties in maintaining concentration, persistence or pace and one two episodes of decompensation related to relapses of heavy drinking.  AR 22.  The administrative law judge found that during these episodes, "plaintiff stops taking his medication and his symptoms are magnified." Id.

After considering all of plaintiff's impairments including the substance abuse disorder, the administrative law judge found that plaintiff did not retain the residual functional capacity to perform even unskilled work on a regular and continuing basis.  He concluded that when he was abusing alcohol, plaintiff lacked the ability to maintain concentration and attention and perform at a consistent pace as would be required for employment in a normal, competitive work environment.  AR 22.  At steps four and five, the administrative law judge found that plaintiff would be disabled because he could not perform his past work or any work in the national economy.  AR 22-23.

8

Under the Social Security laws, a person is not eligible to receive benefits if substance abuse is a contributing factor material to the determination of disability. 20 C.F.R. § 404.1535. In accordance with this regulation, the administrative law judge proceeded to assess what limitations would remain if he took into account only plaintiff's bipolar disorder. After determining that plaintiff's bipolar disorder was not severe enough to meet the criteria of a listed impairment, the administrative law judge assessed plaintiff's residual functional capacity when he was not drinking. After reviewing all of the evidence of record, the administrative law judge determined that if plaintiff stopped the substance abuse, he would retain the mental residual functional capacity to perform unskilled work. AR 24. (The administrative law judge found that plaintiff had no physical limitations and therefore would be able to meet the exertional demands of even heavy work. Plaintiff does not challenge this finding.) At step four, the administrative law judge found that plaintiff would not be able to perform his past work. AR 27. At step five, the administrative law judge applied the Medical Vocational Guidelines and found that given plaintiff's age, education, work experience and ability to perform unskilled work at all exertional levels, plaintiff would not be disabled. AR 27 (citing 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 204). Accordingly, because substance abuse was a contributing factor material to the disability determination, he denied plaintiff's application.

9

OPINION

In 1996, Congress enacted Public Law 104-121, which provides in relevant part that an individual cannot be considered disabled if drug addiction or alcoholism would be "a contributing factor material to the Commissioner's determination that the individual is disabled." 42 U.S.C. § 423(d)(2)(C). This legislation assumes that all alcohol and drug addiction is voluntary, an assumption that may not be accurate, as this case seems to suggest. Nevertheless, it is the law that governs the outcome of this case.

When there is medical evidence showing that the claimant has drug or alcohol addiction, the Social Security Administration considers whether the claimant would be found to be disabled if his alcohol or drug use stopped. 20 C.F.R. § 404.1535. The applicable regulation states:

> (a) General. If we find that you are disabled and have medical evidence of your drug addiction or alcoholism, we must determine whether your drug addiction or alcoholism is a contributing factor material to the determination of disability.
>
> (b) Process we will follow when we have medical evidence of your drug addiction or alcoholism.
>
> (1) The key factor we will examine in determining whether drug addiction or alcoholism is a contributing factor material to the determination of disability is whether we would still find you disabled if you stopped using drugs or alcohol.
>
> (2) In making this determination, we will evaluate which of your current physical and mental limitations, upon which we based our current disability

> determination, would remain if you stopped using drugs or alcohol and then determine whether any or all of your remaining limitations would be disabling.

20 C.F.R. § 405.1535.

Thus, first the Social Security Administration makes a disability determination irrespective of substance abuse; then, it considers what limitations, if any, would remain if the claimant's drug or alcohol addiction were absent. If the claimant's limitations absent substance abuse would not prevent him or her from working, then drug or alcohol addiction is "material" to the disability determination and the claimant cannot receive benefits. 20 C.F.R. § 404.1535(b)(2)(I).

This court must affirm the administrative law judge's findings if they are supported by "substantial evidence," 42 U.S.C. § 405(g), which is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971). When reviewing the commissioner's findings under § 405(g), the court cannot reconsider facts, re-weigh the evidence, decide questions of credibility or otherwise substitute its own judgment for that of the administrative law judge. Clifford v. Apfel, 227 F.3d 863, 869 (7th Cir. 2000). Thus, where conflicting evidence allows reasonable minds to reach different conclusions about a claimant's disability, the responsibility for the decision falls on the commissioner. Edwards v. Sullivan, 985 F.2d 334, 336 (7th Cir. 1993).

11

Plaintiff, who is proceeding pro se at this stage, argues that the administrative law judge erred in finding that he would be able to work were it not for his substance abuse. In his brief, he recounts his treatment history and difficulties that he has had with his bipolar disorder. Bipolar disorder has no doubt been a constant in plaintiff's life since 1996, but contrary to plaintiff's suggestion, the evidence shows that his problems maintaining employment and attendance at school coincide with the periods in which he was drinking alcohol and supports the administrative law judge's determination that alcohol abuse is material to the disability determination.

As the administrative law judge noted, the record showed that when plaintiff was at the VA, on his medications and not drinking, he did extremely well, both at work and at school. In fact, plaintiff reported that during that period he was bothered only "slightly" by psychiatric or emotional problems. The administrative law judge also noted that in spite of the bipolar disorder diagnosis in 1996, plaintiff had been able to work at the substantial gainful activity level during the years 1996-2002. Other factors the administrative law judge considered in reaching his conclusion were plaintiff's appearance and demeanor at the hearing, which indicated that he was oriented and verbal and not manic or depressed; the June 2007 discharge note from a VA staff psychiatrist indicating that plaintiff could resume his prehospital level of activity or employment; the opinion of Merrick, the state agency consulting psychologist, who found plaintiff capable of performing unskilled work; and Dr.

12

Ferrer's statement in December 31, 2007, that plaintiff was able to return to school at that time. The administrative law judge also noted that the record did not contain any opinions from treating or examining physician that plaintiff's bipolar disorder by itself limited him from performing unskilled work. All of this evidence provides ample support for the administrative law judge's conclusion.

Plaintiff argues that he was not given the opportunity at the hearing to present his view of the evidence and medical records in his file. This assertion is contradicted by the hearing transcript, which shows that the administrative law judge allowed plaintiff to describe at length his treatment history and reasons for not working. Further, plaintiff was represented by a lawyer at the hearing. In that circumstance, the administrative law judge is entitled to assume that the lawyer will present the evidence in support of plaintiff's claim. Skinner v. Astrue, 478 F. 3d 836, 842 (7th Cir. 2007) (claimant represented by counsel is presumed to have made his best case before the administrative law judge); Glenn v. Secretary of Health and Human Services, 814 F.2d 387, 391 (7th Cir. 1987) (administrative law judge can assume that applicant represented by counsel is "making his strongest case for benefits").

Finally, plaintiff has attached to his brief a number of documents, including a September 21, 2009 letter from Dr. Ferrer stating that plaintiff is unemployable because of multiple symptoms from his bipolar disorder, a November 12, 2009 letter from the Federal

13

Student Aid department finding plaintiff eligible for a conditional discharge of his loan on the basis of a preliminary determination that he is "totally and permanently disabled" and a finding by the Veterans Administration that plaintiff is permanently and totally disabled for the purpose of receiving nonservice-connected pension benefits. Because these documents post-date the date of the administrative law judge's decision, he could not have considered them when he made his decision. Accordingly, this court may not consider them. Eads v. Secretary of Dept. of Health and Human Services, 983 F.2d 815, 817 (7th Cir. 1993) ("The correctness of [the ALJ's] decision depends on the evidence that was before him"). Although the sixth sentence of § 405(g) permits a court to remand the case to the agency for consideration of additional evidence, Perkins v. Chater, 107 F.3d 1290, 1296 (7th Cir. 1997) (explaining requirements for remand for consideration of additional evidence under sentence six of § 405(g)), plaintiff has made no attempt to show that he meets the sentence six requirements of good cause, newly discovered information or materiality, in spite of having been instructed to do so by the magistrate judge. Memorandum, Oct. 30, 2009, dkt. #6 (directing plaintiff to explain in his brief "why the new evidence could change the commissioner's decision that plaintiff is not disabled").

In any case, I am satisfied that a remand under sentence six would not be warranted because it is not reasonably probable that the administrative law judge would have reached a different conclusion had he considered the new evidence. Sample v. Shalala, 999 F.2d

14

1138, 1144 (7th Cir. 1993) ("materiality" requires reasonable probability that outcome would have been different). Dr. Ferrer did not support her opinion with any contemporaneous treatment notes, did not state when she thought plaintiff first became disabled and did not address the critical issue whether plaintiff would be disabled if his substance abuse disorder was not considered. With respect to the other government agencies that made a finding of disability, plaintiff has not shown that their criteria are the same as those used by the Social Security Administration or that they considered whether his alcohol abuse was a factor contributing to his disability. Accordingly, the administrative law judge would have given these opinions little weight.

ORDER

IT IS ORDERED that the decision of defendant Michael J. Astrue, Commissioner of Social Security is AFFIRMED; plaintiff Michael Wayne Grap motion to remand, dkt. #5, is DENIED. The clerk of court is directed to enter judgment in favor of defendant and close this case.

Entered this 15th day of April, 2010.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

16